UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CARSON, Personal
Representative of the NANCY
ANN THOMAS ESTATE,

      Plaintiff,                        Case No. 16-14079

v.                                     HON. GEORGE CARAM STEEH

LAWRENCE CHILKEWITZ, an individual,
and as Personal Representative/Trustee
of Peter Chilkewitz Estate/Trust,
ROB CARSON, an individual, and
JAMES CARSON, an individual,

      Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION TO
DISTRIBUTE FUNDS (DOC. 27) AND ORDER TO SHOW CAUSE

Plaintiff James Carson filed this interpleader action on November 17, 2016. The complaint alleges as follows:

> As personal representative of the Nancy Thomas Estate, I James Carson am in possession of $95,170.05 which is in dispute amongst the Defendants. Lawrence Chilkewitz is the personal representative and trustee of the Peter Chilkewitz Estate/Trust, which owes the Defendants James Carson and Rob Carson $50,000 each, or $100,000 total. The Nancy Thomas Estate owes Lawrence Chilkewitz, as his share of the estate, $95,170.05. Lawrence Chilkewitz as the personal representative and trustee of the Peter Chilkewitz Estate/Trust, has

- 1 -

failed or otherwise refused to pay out the distributions of $50,000 each to Defendants James Carson and Rob Carson.

Doc. 1 at 6. The complaint further alleges:

> The Defendants are owed monies from the two separate estates, in an amount in controversy that is nearly equal. The Nancy Thomas Estate should not distribute a check to Defendant Lawrence Chilkewitz in Florida, when Defendant Lawrence Chilkewitz in Floriday [sic] owes the Defendant's [sic] James Carson and Rob Carson in Michigan the same amount of money.

*Id.*

James Carson and Rob Carson both filed answers admitting to the allegations contained in the complaint. Lawrence Chilkewitz did not respond to the complaint. Plaintiff sought a clerk's entry of default against Chilkewitz, which was entered on May 11, 2017. Plaintiff subsequently sought a default judgment against Chilkewitz in the amount of $95,170.05. A default judgment was entered by the clerk on May 19, 2017.

Approximately two years later, on May 3, 2019, Plaintiff filed a motion to distribute the $95,170.05 held by Plaintiff equally to James Carson and Rob Carson. Doc. 27. Chilkewitz, appearing pro se, filed an objection on May 22, 2019.

## LAW AND ANALYSIS

As a threshold issue, the court must satisfy itself that it has jurisdiction over this matter. "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Plaintiff alleges jurisdiction under the interpleader statute, 28 U.S.C. § 1335. An interpleader action "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1704 (3d ed. 2001). *See also William Penn Life Ins. Co. of New York v. Viscuso*, 569 F. Supp.2d 355, 360 (S.D.N.Y. 2008) ("[T]he purpose of interpleader is to protect the stakeholder from multiple and inconsistent liabilities on a single obligation.").

The statute grants district courts original jurisdiction over interpleader actions when a plaintiff stakeholder possesses money or property worth $500 or more that is subject to adverse claims by two or more claimants of diverse citizenship. 28 U.S.C. § 1335*; see also Viscuso*, 569 F. Supp.2d at 359. "The existence of a single, identifiable stake is a necessary element

of interpleader jurisdiction." *Id.* The "central prerequisite" for an interpleader action "is that the plaintiff-stake holder runs the risk – but for determination in interpleader – of multiple liability when several claimants assert rights to a single stake." *Airborne Freight Corp. v. United States*, 195 F.3d 238, 240 (5th Cir. 1999); *see also* Wright, Miller & Kane, *Federal Practice and Procedure* § 1704 (the "primary test" for determining the propriety of interpleader "is whether the stakeholder legitimately fears multiple vexation directed against a single fund.").

The complaint does not allege that multiple parties are claiming entitlement to a single fund. Rather, the complaint states that "The Nancy Thomas Estate owes Lawrence Chilkewitz, *as his share of the estate*, $95,170.05." Doc. 1 at 6 (emphasis added). The complaint does not allege that James Carson or Rob Carson also claim entitlement to the same $95,170.05. Instead, the complaint alleges that James Carson and Rob Carson are owed approximately $100,000 from the Peter Chilkewitz Estate, the personal representative of which is Lawrence Chilkewitz. Plaintiff contends that these amounts are "fungible," and essentially should offset each other. Doc. 27 at 1.

This type of factual scenario does not confer interpleader jurisdiction. Plaintiff does not legitimately fear multiple, adverse claimants seeking the

same fund from the Nancy Thomas Estate. The complaint admits that the $95,170.05 at issue is Lawrence Chilkewitz's share of the estate, and that James Carson and Rob Carson are seeking a similar amount from a different fund. Courts "have uniformly held that a single, identifiable fund is a prerequisite to an interpleader action. . . . Different funds with different claimants cannot be joined in one interpleader action." *Wausau Ins. Co. v. Gifford*, 954 F.2d 1098, 1100 (5th Cir. 1992); *see also Bradley v. Kochenash*, 44 F.3d 166, 168 (2d Cir. 1995) ("[A] prerequisite for permitting interpleader is that two or more claimants must be 'adverse' to each other.") (citation omitted).

## CONCLUSION

Based upon the record before it, the court lacks subject matter jurisdiction over this action. Therefore, IT IS HEREBY ORDERED that Plaintiff's motion to distribute funds (Doc. 27) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall SHOW CAUSE in writing within fourteen days of the date of this order why the court should not vacate the default judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and dismiss this action.

Dated: June 11, 2019

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 11, 2019, by electronic and/or ordinary mail and also on

James Carson
31237 Pierce
Garden City, MI 48135

Rob Carson
456 Fifth Street
Grand Rapids, MI 49534

Lawrence Chilkewitz
4111 Ryals Road
Zephyrhills, FL  33542


s/Barbara Radke
Deputy Clerk